**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN HERRERA, | No. 19-15682 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00164-LJO-BAM |
| v. | |
| JACOB REDDING, Department of Police Service, | MEMORANDUM* |
| Defendant - Appellee | |
| PAM AHLIN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 6, 2020**

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Civil detainee Ruben Herrera appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging excessive force.  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendants on Herrera's excessive force claim because Herrera failed to raise a genuine dispute of material fact as to whether defendants were objectively unreasonable in using force against him during an incident where Herrera refused for hours to come down from a basketball pole. *See Youngberg v. Romeo*, 457 U.S. 307, 320-22 (1982) (concluding that, similar to pretrial detainees, an involuntarily committed patient is entitled to substantive due process protections under the Fourteenth Amendment); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (to show excessive force under the Fourteenth Amendment, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable").

Herrera's motion requesting that additional evidence be released in support of his appeal (Docket Entry No. 14) is denied.

**AFFIRMED.**

19-15682